Matter of Heidi B. (Pasternak) (2018 NY Slip Op 06899)





Matter of Heidi B. (Pasternak)


2018 NY Slip Op 06899


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2017-04173
 (Index No. 3714/16)

[*1]In the Matter of Heidi B. (Anonymous), appellant. Reuven Pasternak, etc., respondent.


Mental Hygiene Legal Service, Mineola, NY (Michael D. Neville, Ana Vuk-Pavlovic, and Dennis B. Feld of counsel), for appellant.
Barbara D. Underwood, Attorney General, New York, NY (Steven C. Wu and Caroline A. Olsen of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 81, Heidi B. appeals from a judgment of the Supreme Court, Suffolk County (Richard I. Horowitz, J.), dated February 22, 2017. The judgment, after a hearing, granted the petition to appoint a guardian of the person and property of Heidi B., an alleged incapacitated person, and appointed an independent guardian to manage Heidi B.'s person and property.
ORDERED that the judgment is modified, on the law, by deleting the 11th, 12th, and 13th decretal paragraphs thereof, and substituting therefor the following decretal paragraph: "ORDERED AND ADJUDGED that pursuant to Sections 81.21 and 82.22 of the Mental Hygiene Law, the Guardians shall have the following limited powers: the Property Management Guardian shall have the following limited powers: (1) to recertify or apply for Medicaid and other public benefits to which Heidi B. may be entitled; and (2) to authorize access to or release confidential records for the purpose of acceptance into a nursing home or other recommended abode and Medicaid application. Any consent to release by the Guardian shall be deemed the consent of Heidi B. for HIPAA purposes; The Personal Needs Guardian shall have the following limited powers: (1) to apply for government and private benefits including Medicaid; (2) to authorize access to or release confidential medical records. Any consent to release by the Guardian shall be deemed the consent of Heidi B. for HIPAA purposes; and (3) to make a safe discharge plan and to choose the place of abode for Heidi B. provided that the chosen place of abode must be consistent with the findings pursuant to Mental Hygiene Law § 81.15, including the power to move Heidi B. to a nursing home or other residential facility as those terms are defined in Public Health Law § 28.01 and consistent with the factors set forth in Mental Hygiene Law § 81.22(a)(9); and it is further"; as so modified, the judgment is affirmed, without costs or disbursements.
The petitioner, as Chief Executive Officer and Director of Stony Brook University Hospital, commenced this proceeding pursuant to Mental Hygiene Law article 81 by order to show cause, alleging that Heidi B. was an incapacitated person and that a guardian was needed to provide for her personal needs and property management. After a hearing, the Supreme Court granted the petition and appointed an independent guardian to manage Heidi B.'s person and property. Heidi B. appeals.
Mental Hygiene Law § 81.11(f) provides that "[i]f on or before the return date designated in the order to show cause the alleged incapacitated person or counsel for the alleged incapacitated person raises issues of fact regarding the need for an appointment under this article and demands a jury trial of such issues, the court shall order a trial by jury thereof." Mental Hygiene Law § 81.11(f) further states that "[f]ailure to make such a demand shall be deemed a waiver of the right to trial by jury."
Here, the order to show cause designated the return date as May 2, 2016, but the hearing was not held until November 14, 2016. Even assuming that the Supreme Court retained the discretion to relieve Heidi B. from the effect of failing to demand a jury trial on or before the return date designated in the order to show cause, as required under Mental Hygiene Law § 81.11(f) (cf . CPLR 4102[e]), the court providently exercised its discretion in denying her jury demand, which was made for the first time on the date of the hearing, as untimely.
Nevertheless, the judgment must be modified since the broad powers granted to the appointed guardian are inconsistent with the statutory requirement that the guardian be granted "only those powers which are necessary to provide for personal needs and/or property management of the incapacitated person in such a manner as appropriate to the individual and which shall constitute the least restrictive form of intervention" (Mental Hygiene Law § 81.02[2]; see Mental Hygiene Law § 81.03[d]). Under the circumstances presented, the Supreme Court should have granted the guardian only those limited powers recommended in the report of the court-appointed evaluator.
MASTRO, J.P., CHAMBERS, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court